IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                                                    Case No. 4:93cr4043-WS

vs.

**ELTON RIEARA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON NOTICE OF PRESERVATION

This cause is before the court on Defendant's "Timely Notice of Preservation of His Blakely/Booker Claim(s)."  Doc. 172.  *See* United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Given the age of the case, this is the first document received and entered on the electronic docket.  The criminal file is in archives.  The paper docket has been scanned by the clerk and docketed as doc. 171.

In his notice of preservation, Defendant gives notice of his intent to preserve his right to be the beneficiary of relief when and if the Supreme Court declares Apprendi, Blakely, or Booker retroactive on collateral review.  Doc. 172, p. 2.  He does not elaborate on his claims, acknowledging that retroactive application is foreclosed by circuit precedent.  *Id.*  See Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively on collateral review), *citing* McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (holding that Apprendi does not apply retroactively on collateral review) (other citations omitted).

Defendant references the one year limitations period of § 2255 and Dodd v. United States, 545 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Doc. 172, p. 1.  The Court in Dodd addressed the language of § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255, ¶ 6(3).  125 S.Ct. at 2481 (quoting the statute).[1]  The Court explained that "Paragraph 6(3) identifies *one date and one date only* as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"  *Id.*, at 2482 (emphasis in original).  The second clause of ¶

---

[1] Section 2255 recognizes a number of commencement dates for the one year period.  "In most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1): 'the date on which the judgment of conviction becomes final.'"  125 S.Ct. at 2481 (quoting § 2255, other citation omitted).  Defendant's conviction became final in 1997.  Doc. 145 (mandate, docketed in this court on April 9, 1997).

Case No. 4:93cr4043-WS

6(3) limits application to rights "newly recognized" and "made retroactively applicable on collateral review."  *Id.*

> That means that ¶ 6(3)'s date – "the date on which the right asserted was initially recognized by the Supreme Court" – does not apply at all if the conditions in the second clause – the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" – have not been satisfied.  As long as the conditions in the second clause are satisfied so that ¶ 6(3) applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in ¶ 6(3) begins to run.  Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.  *He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.*

*Id.* (emphasis added).

Defendant Rieara is not entitled to take advantage or "preserve" the time of filing under the first clause of ¶ 6(3), as the conditions in the second clause have not been met.  One year has passed since Booker was decided on January 12, 2005, and it has not been made retroactive on collateral review.  Defendant may not save himself from the one year limitations period in the future by filing a notice now.

Finally, a review of the docket reveals that Defendant has not previously sought § 2255 relief, so the court does not construe the current notice as an initial § 2255 motion.  *See* Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (before recharacterizing pro se motion as initial § 2255 motion, court must warn the movant of the intent to do so and its consequences, and provide an opportunity to withdraw or amend the motion).

It is therefore respectfully **RECOMMENDED** that Defendant's notice of preservation of claim (doc. 172) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2006.

  S/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**